IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| STAN FALK, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 4:06CV00506 SWW |
| | * | |
| MARTHA PHILLIPS, ET AL., | * | |
| | * | |
| Defendants. | * | |

**Memorandum Opinion and Order**

Before the Court are defendants' motion to dismiss and amended motion to dismiss to which plaintiff responded. For the reasons stated below, the motions are granted in part and denied in part.

**Background**

Plaintiff Stan Falk filed this action on April 25, 2006, alleging he was constructively discharged from his employment with the Arkansas Department of Health and Human Services ("ADHHS") in retaliation for exercising his First Amendment right to free speech. He also claims defendants violated the Arkansas Whistle-Blower Act, Ark. Code Ann. § 21-1-601 *et seq*.

According to the allegations of his complaint, Falk had been employed by the ADHHS[1] from 1976 to 2006. He became the Assistant Director of the Arkansas Public Health Laboratory ("PHL") on or about August 2003. He claims that on or about February 10, 2005, he reported to federal regulators that the PHL was not in compliance with federal regulations. He said the PHL was falsifying proficiency test results and performing improper testing in the virology

---

[1]Plaintiff originally was employed by the Arkansas Department of Health but it is now a part of the Arkansas Department of Health and Human Services.

laboratory.  Plaintiff states that as a result of reporting the violations, the PHL was decertified and State officials were embarrassed.  Falk says he was suspended and then demoted from Assistant Lab Director to a chemistry position.  He also was removed from his job responsibilities as a bio-safety officer as well as other safety and security responsibilities.  He asserts that as a result of the demotion, he was constructively discharged from his employment.

Defendants, who are all employees of the Division of Health of the ADHHS, seek dismissal of Falk's First Amendment claim for failure to state a claim, Eleventh Amendment immunity, and qualified immunity.  Defendants argue Falk's Whistle-Blower claim should be dismissed for failure to state a claim and because it is barred by sovereign immunity, statutory immunity, and qualified immunity.

## Standard of Review

In deciding a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, all facts alleged in the complaint are assumed to be true.  *Doe v. Northwest Bank Minn., N.A.*, 107 F.3d 1297, 1303-04 (8th Cir. 1997).  The complaint must be reviewed in the light most favorable to the plaintiff, *McMorrow v. Little*, 109 F.3d 432, 434 (8th Cir. 1997), and should not be dismissed unless it is clear beyond doubt that the plaintiff can prove no set of facts thereunder which would entitle him or her to relief.  *Hafley v. Lohman,* 90 F.3d 264, 266 (8th Cir. 1996).  The Court may grant a motion to dismiss on the basis of a dispositive issue of law.  *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

A motion to dismiss is not a device for testing the truth of what is asserted or for determining whether the plaintiff has any evidence to back up what is in the complaint.  *ACLU Foundation v. Barr*, 952 F.2d 457, 467 (D.C. Cir. 1991).  The issue is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support the claims,

irrespective of a judge's disbelief of a complaint's factual allegations or a judge's belief that the plaintiff cannot prove what the complaint asserts. *Id. See also Hickman v. Tosco Corp.*, 840 F.2d 564, 565 (8th Cir. 1988); *Fusco v. Xerox Corp.*, 676 F.2d 332, 334 (8th Cir. 1982). Thus, a motion to dismiss should be granted "as a practical matter . . . only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

## Discussion

**1.     First Amendment Claim**

Plaintiff brings his First Amendment claim pursuant to 42 U.S.C. § 1983. He sues defendants in both their individual and official capacities. The Eleventh Amendment protects state officials sued in their official capacities from all claims except for certain forms of prospective equitable relief, such as reinstatement. *See Campbell v. Arkansas Dep't of Correction,* 155 F.3d 950, 962 (8th Cir.1998). Falk seeks compensatory and punitive damages as well as reinstatement. The Court finds the motions to dismiss Falk's claim for damages against defendants in their official capacities should be granted based on sovereign immunity. The motions should be denied as to his claim for injunctive relief (reinstatement) against defendants in their official capacities. *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 n.10 (1989)(state official in his or her official capacity when sued for injunctive relief is a "person" under § 1983).

Defendants further argue that in light of the Supreme Court's ruling in *Garcetti v. Ceballos,* ___ U.S. ___, 126 S.Ct. 1951 (2006), Falk fails to state a claim for relief. Ceballos was a deputy district attorney, and in his capacity as a calendar deputy, he had the responsibility

to supervise other lawyers.  After a defense attorney contacted him about a pending criminal case, Ceballos investigated an affidavit that supported a search warrant in the case.  He determined that the warrant contained inaccuracies, reported his findings to his supervisors, and followed up by preparing a disposition memorandum recommending dismissal of the case.  Based on Ceballos' statements, a meeting was held to discuss the affidavit.  Despite Ceballos' concerns, his supervisor determined to proceed with the case, pending disposition of a defense motion challenging the search.  Ceballos was called by the defense at the suppression hearing and repeated his observations about the affidavit.  The trial court rejected the challenge to the warrant.

Ceballos claimed that in the aftermath of these events, he was subjected to retaliatory employment actions, including reassignment and denial of a promotion.  The fact that Ceballos "spoke as a prosecutor fulfilling a responsibility to advise his supervisor about how best to proceed with a pending case" was dispositive.  126 S.Ct. at 1960.  The Supreme Court held that "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline."  *Id.*  Defendants argue, pursuant to *Garcetti*, that Falk was merely reporting improper activities as he was required to do in his position as the Assistant Director of the PHL.  Thus, his speech was part of his job duties and not protected by the First Amendment.

To succeed on a First Amendment retaliation claim, a plaintiff "must demonstrate that [he] has engaged in protected speech (speech on a matter of public concern), that [his] interest as a citizen in commenting on the issue outweighs the public employer's interest in promoting

efficient public service, and that [his] speech was a motivating factor in the action taken against [him]." *Howard v. Columbia Pub. Sch. Dist.,* 363 F.3d 797, 801 (8th Cir. 2004).

> Public employee speech is protected from retaliation, in certain circumstances, if the speech addresses a matter of public concern. 'So long as employees are speaking as citizens about matters of public concern, they must face only those speech restrictions that are necessary for their employers to operate effectively and efficiently.' When the state is acting as the employer of a public employee, we focus 'on the role the employee . . . assumed in advancing the particular expressions: that of a concerned public citizen, informing the public that the state institution is not properly discharging its duties . . ; or merely as an employee, concerned only with internal policies or practices which are of relevance only to the employees of that institution.' When the employee's speech includes matters of both public concern and personal interest, we
> > must analyze the content, form, and context of the speech to determine whether the speaker was acting primarily as a concerned citizen or as an employee. If the speech was mostly intended to further the employee's private interests rather than to raise issues of public concern, her speech is not protected, even if the public might have an interest in the topic of her speech.

*Bailey v. Dep't of Elementary and Secondary Educ.,* 451 F.3d 514, 518 (8th Cir. 2006)(internal citations omitted.). In *Bailey*, which was decided after *Garcetti*, the Eighth Circuit held that a psychologist who had consulted on state disability benefit claims, did not engage in protected speech when he complained in a meeting about new methods the deputy director had adopted for determining benefit rates or when he wrote the assistant commissioner complaining about the deputy director. The court held that "[w]hile Bailey's speech may have tangentially involved a matter of public concern, his speech was concerned primarily with furthering his own interests." *Id.* at 519. The court further held that Bailey's letter primarily involved personal conflicts with the deputy director, who was Bailey's supervisor. *Id*. at 520.

Falk alleges he reported that a public entity, the PHL, was not properly discharging its duties, stating the Lab falsified reports on tests relating to newborns and tests concerning the flu. He allegedly reported the falsification of proficiency tests specimens involving newborns to the

director of the Lab, who took no action.  Falk says he then reported the information to a federal regulator.  Viewing the allegations in the light most favorable to the plaintiff, the Court cannot find as a matter of law that Falk's speech did not involve a matter of public concern.  Therefore, it would be inappropriate to dismiss his First Amendment claim at this stage.

Defendants argue they are entitled to qualified immunity on Falk's First Amendment claim against them in their individual capacities.  "Public officials are entitled to qualified immunity in suits against them in their individual capacity as long as their actions do not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'  Qualified immunity is an affirmative defense, to be upheld in a motion to dismiss only when the immunity can be established on the face of the complaint." *Bradford v. Huckabee,* 330 F.3d 1038, 1041 (8th Cir.2003)(internal quotation and citations omitted).  Defendants have the burden of proving that Falk's First Amendment rights were not clearly established.  *Burnham v. Ianni,* 119 F.3d 668, 674 (8th Cir. 1997).

 "Dismissal is inappropriate unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hafley v. Lohman,* 90 F.3d 264, 266 (8th Cir. 1996)(internal quotations omitted).  Based on the record before it, the Court finds defendants fail to carry their burden of proof that they are entitled to qualified immunity.  The Court finds the complaint alleges enough facts to demonstrate the violation of a clearly established constitutional right arising under the First Amendment.  Thus, defendants' motions to dismiss based on qualified immunity should be denied.

The Court agrees with defendants that plaintiff's complaint contains only scant, conclusory allegations concerning defendants.  Plaintiff has ten (10) days from the date of entry

of this Order to amend his complaint and state specifically how each defendant was personally involved in the alleged violation of his right to free speech.

### 2. Claim Pursuant to the Arkansas Whistle-Blower Act

Falk seeks damages for defendants' alleged violation of the Arkansas Whistle-Blower Act. Defendants move for dismissal for failure to state claim and pursuant to sovereign, statutory, and qualified immunity.

Defendants argue Falk's state law claim against them in their official capacities is barred by the Eleventh Amendment. In *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89 (1984), the Supreme Court held that federal courts are barred by the Eleventh Amendment from enjoining state officers from violating state law. The Court ruled that although federal courts may hear federal claims against state officers, they may not hear pendent - now called supplemental - state law claims. 465 U.S. at 121.

Falk asserts the Whistle-Blower Act authorizes actions against state agencies, and suits brought against defendants in their official capacities are the same as pleading an action against the defendants' agency. *See Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658 (1978); *City of Marianna v. Ark. Mun. League,* 722 S.W.2d 578 (Ark. 1987)(official capacity suits generally represent but another way of pleading an action against the entity of which the officer is an agent).

The Whistle-Blower Act defines "public employer" as "[a]n agency, department, board, commission, division, office, bureau, counsel, authority, or other instrumentality of the State of Arkansas . . ." *see* Ark. Code Ann. § 21-1-602(5)(A), and authorizes a public employee to bring a civil action against his public employer. *See* § 21-1-604. There is nothing in the statute, however, wherein the State waives its Eleventh Amendment immunity. Supplemental state law

claims against state officials in their official capacities are barred by Eleventh Amendment immunity. Further, the definition of "public employer" does not include individuals. The Court finds defendants' motions to dismiss Falk's state law claim should be granted.

## Conclusion

IT IS THEREFORE ORDERED that defendants' motion to dismiss and amended motion to dismiss [docket entries 3 and 8] are granted in part and denied in part. The motions are granted to the extent that plaintiff's First Amendment claim for damages against defendants in their official capacities is dismissed, and plaintiff's state law claim is dismissed without prejudice. The motions are denied as to plaintiff's First Amendment claim for reinstatement against defendants in their official capacities and as to plaintiff's First Amendment claim against defendants in their individual capacities.

IT IS FURTHER ORDERED that plaintiff file an amended complaint within ten (10) days from the date of entry of this Order, stating specific facts as to how each named defendant was personally involved in the denial of his First Amendment rights.

DATED this 21st day of August, 2006.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE